UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUHMER FRYER, A.E.,<br><br>Plaintiffs,<br><br>v.<br><br>YOLO COUNTY DEPARTMENT OF SOCIAL SERVICES; YOLO COUNTY BOARD OF SUPERVISORS; STATE OF CALIFORNIA DEPT OF SOCIAL SERVICES,<br><br>Defendants. | No. 2:18-cv-27-MCE-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Suhmer Fryer has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2), and a motion for a preliminary injunction (ECF No. 3).[1] For the reasons explained below, her application to proceed *in forma pauperis* is granted but the complaint must be dismissed with leave to amend. Accordingly, it is recommended that the motion for injunctive relief be denied.

I. <u>Request to Proceed In Forma Pauperis and Screening Requirement</u>

Plaintiff Fryer's application to proceed *in forma pauperis* (ECF No. 2) makes the financial showing required by 28 U.S.C. §1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* is granted.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

The complaint's allegations are extremely limited. The complaint's "Statement of Claim" consists of the following: "All defendants listed of [sic] have worked together to take away services my minor disabled daughter needs and is intitled [sic] too [sic]. They have colluded, and failed to avocate [sic], and have broken the law and violated her rights and protections as a person

2

born with developmental disability as defined by the Lanterman ACT AB 846." ECF No. 1 at 7. In her request for relief, plaintiff Fryer alleges that her "minor disabled daughter is still without services and has been without her services since 3/04/2017." *Id*. at 2. The complaint also provides a list the following causes of actions, styled as: (1) discrimination, (2) civil rights; (3) retaliation; (4) Lanterman Act; (5) fraud; (6) collusion; (7) Persons with Disabilities Act; (8) HIPPA; and (9) "legal maleficence." *Id*. at 6.

As a threshold matter, plaintiff Suhmer Fryer is the sole signatory to the complaint. But it appears that she attempts to bring this action on behalf of herself and her minor child. There is no indication from the record that Ms. Fryer is an attorney. Unless she is an attorney, she may not represent her minor child, and may not sign pleadings on their behalf. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing herself without an attorney must appear personally or by courtesy appearance by an attorney and may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a). Accordingly, Ms. Fryer may not bring claims on behalf of child. *See Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").

Further, the complaint's allegations are too vague and conclusory to state a claim upon which relief may be granted. The allegations must be short and plain and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Thus, plaintiff must allege at least some specific acts which defendants engaged in that support plaintiff's claim for relief. *See, Jones*, 733 F.2d at 649.

/////

/////

3

The complaint consists only of plaintiff's conclusory statement that defendants worked together to take away services that her daughter was entitled to receive. Although plaintiff provides a list of purported causes of action, her limited allegations fail to give defendants sufficient notice of the factual basis for each her claims. According, the complaint must be dismissed for failure to state a claim.

To the extent plaintiff attempts to allege a claim under § 1983, plaintiff is notified that she must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

A municipal entity or its departments (such as a county or a county employee acting in an official capacity) is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

To the extent plaintiff intends to allege a claim under Title II of the Americans with Disabilities Act, which prohibits discrimination in programs of a public entity or discrimination by such an entity, she must establish that: "(1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or

4

denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).[2]

Plaintiff will be granted leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). But such an amended complaint must allege a cognizable legal theory against a proper defendant and state sufficient facts in support of that cognizable legal theory. Thus, should plaintiff choose to file an amended complaint, it shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. It shall also set forth plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*

---

[2] The only other federal statute referenced by plaintiff is the Health Insurance Portability and Accountability Act ("HIPPA"), which does not provide a private right of action." *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) ("HIPPA does not provide any private right of action.").

5

*Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.

II.     Motions for Injunctive Relief

As discussed above, plaintiff's complaint fails to state a claim.  Necessarily, she has not demonstrated a likelihood of success on the merits that could support the grant of preliminary injunctive relief.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  At an irreducible minimum plaintiff must establish "serious questions going to the merits" of his claims.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2010).  She has not done so and her motion for injunctive relief must be denied.

III.    Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE